UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LEE and REGINALD SANDERS, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>ABLE TOWING COMPANY INC. and MARCELLO BEZERRA,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT - COLLECTIVE ACTION

Plaintiffs Frederick Lee ("Lee") and Reginald Sanders ("Sanders") present the following claims, on behalf of themselves and all similarly situated persons, against Defendant ABLE Towing Company Inc. and Defendant Marcello Bezerra (collectively, the "Defendants").

## JURISDICTION AND VENUE

1.

This is an action for unpaid minimum wage, overtime, and retaliation under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.*

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has federal question jurisdiction over all of the Plaintiffs' claims and the claims of the class, should one be certified.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Lee is a resident of Fulton County Georgia and was employed by Defendants to perform tow truck operating duties from September 2010 until August 2011.

5.

Lee was at all relevant times compensated via a daily commission of approximately 35% of the fee received by the Defendants for each car that he towed.

6.

Plaintiff Sanders is a resident of Georgia and was employed by Defendants to perform tow truck operating duties from July 2010 until December 2011.

7.

Sanders was at all relevant times compensated via a daily commission of approximately 35% of the fee received by the Defendants for each car that he towed.

8.

Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

9.

Plaintiffs' consent forms to join this action are attached as Exhibit A.

10.

Defendant ABLE Towing Company Inc. is a Georgia corporation that provides tow truck services to its clients in Georgia. ABLE transacts business in the Northern District of Georgia, and its principal office is located within the

Northern District of Georgia at 6 Hamby Road, Marietta, Georgia 30060. ABLE is subject to this Court's jurisdiction and may be served with process via its registered agent, Defendant Marcelo Bezerra, at ABLE's principal office address.

11.

Defendant ABLE Towing Company Inc. is an employer as defined by 29 U.S.C. § 203(d).

12.

Defendant Marcelo Bezerra ("Bezerra") is Chief Executive Officer, Chief Financial Officer, registered agent, and Secretary of ABLE Towing Company Inc.

13.

Bezerra is an employer as defined by 29 U.S.C. § 203(d).

14.

Bezerra may be served with summons and a copy of the Complaint in this action by delivering process to him at his place of business, 6 Hamby Road, Marietta, GA 30060.

## COLLECTIVE ACTION ALLEGATIONS

15.

Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

16.

Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendants as Tow Truck Drivers with the primary duty of towing cars for Defendants' clients at any time within three years prior to filing this Complaint (the "statutory period") and were not paid minimum wage or overtime for some or all of their work activities.

17.

Plaintiffs and the similarly situated individuals were all paid on commission of 35% of the fee Defendants received for each car they towed rather than on an hourly basis.

18.

Plaintiffs and the similarly situated individuals all worked twelve hour shifts at least five days each week.

19.

Plaintiffs and the similarly situated individuals routinely worked in excess of sixty hours per week performing their duties at various locations around metro Atlanta.

20.

Defendants failed to pay Plaintiffs and the similarly situated individuals'

minimum wage, in violation of the FLSA.

21.

Defendants also failed to pay Plaintiffs and the similarly situated individuals' overtime compensation for hours worked in excess of eight hours per day and forty hours per week in violation of the FLSA.

22.

Defendants required Plaintiffs and the similarly situated individuals to work in excess of eight hours per day and forty hours per week without compensating them for overtime.

23.

Plaintiffs and all similarly situated individuals arrived to work between 6:30 A.M. and 7:00 A.M.

24.

Plaintiffs and all similarly situated individuals were required to work from approximately 7:00 A.M. to 7:00 P.M. at least five nights a week.

25.

Plaintiffs and all similarly situated individuals regularly worked six or seven days each week without overtime compensation.

26.

Plaintiffs and all similarly situated individuals often received more work than could be completed between the hours of 7:00 A.M. and 7:00 P.M. For example, Plaintiffs would be assigned multiple clients at 6:00 P.M, which would require working well past 7:00 P.M.

27.

Plaintiffs and all similarly situated individuals regularly worked past 7:00 P.M. to complete their assigned duties.

28.

After picking up their tow trucks upon arriving at work in the morning, Plaintiffs and all similarly situated individuals would wait to be dispatched to tow clients.

29.

When not actually towing a client, Plaintiffs and similarly situated individuals were required to sit in their trucks and wait to be dispatched to awaiting clients.

30.

Plaintiffs and similarly situated individuals towed clients in and around metro Atlanta.

31.

At all times during work hours, Plaintiffs and all similarly situated individuals were required to check in before leaving their truck to use the restroom and were disciplined for driving anywhere other than back into their designated waiting areas to await their next client.

32.

As a result of the Defendants' compensation structure, if Plaintiffs or similarly situated individuals were not assigned a sufficient number of cars in one day, they would earn below the federal minimum wage of $7.25 per hour.

33.

Until January of 2011, Defendants had no formal procedure to record the time Plaintiffs and all other similarly situated individuals spent working.

34.

Plaintiffs and similarly situated individuals were required to clock in via the radio with Defendants' client, the American Automobile Association ("AAA").

35.

AAA is a motor club and leisure travel organization that serves North America.

36.

Members of AAA receive complimentary towing through tow companies like ABLE who dispatch drivers to AAA members in need of tow services.

37.

AAA kept records of the work hours for each Plaintiff and similarly situated individual when they towed a AAA member.

38.

AAA recorded each time a Plaintiff or similarly situated individual towed a AAA member.

39.

The majority of Defendants' clients were AAA members, but Plaintiffs and the similarly situated individuals occasionally towed customers who were not AAA members.

40.

Plaintiffs and the similarly situated individuals were not given a lunch break.

41.

Plaintiffs and the similarly situated individuals were required to work on holidays without additional compensation.

42.

Defendants were aware that Plaintiffs and other similarly situated individuals were working time for which they were not compensated because Plaintiffs and the similarly situated individuals complained to Bezerra and other supervisors about Defendants' pay practices.

43.

The Defendants issued Plaintiffs and similarly situated individuals check stubs reflecting a forty hour work week even though Defendants required a minimum of sixty hours of work per week and knew that the representation of a forty hour week on the pay stubs was false.

44.

As a result of the Defendants' compensation structure, there were times that Plaintiff Lee did not receive minimum wage.

45.

Defendants did not display minimum wage or overtime posters in the main office during Plaintiffs employment, in violation of U.S Department of Labor regulations concerning administration and enforcement of the FLSA.

46.

Defendants refused to pay Plaintiffs and other similarly situated individuals for sick days or vacation days.

### RETALIATION ALLEGATIONS
### (Plaintiff Lee Individually Only)

47.

Plaintiff Lee complained to Bezerra about not being paid for all of the hours he was working.

48.

Bezerra responded that if Lee didn't like it, he could go find another job.

49.

The day of his termination, Lee asked Bezerra if he could check is truck back in at 7:30 P.M., 12.5 hours after Lee had begun working that day.

50.

The day of his termination, Lee worked over twelve hours and had regularly worked over twelve hours each of the three days prior to his termination.

51.

At 7:30 P.M., Lee complained that he was tired, and Bezerra told him to bring the tow truck back to the office.

52.

When Lee brought his truck back to the office, he complained to Bezerra about not being compensated for the long hours he was working.

53.

Bezerra responded that if Lee didn't like it, he could go find another job.

54.

Bezerra then terminated Lee.

55.

Defendants' above-pled actions were knowing and willful violations of the FLSA.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

56.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

57.

By their above-pled conduct, Defendants violated the FLSA's minimum wage requirements by failing to compensate Plaintiffs and the similarly situated individuals at the minimum wage.

58.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and, in the case of current employees, continue to suffer, a loss of income and other damages.

59.

Defendants knew or showed reckless disregard for the rights of the Plaintiffs and similarly situated individuals to be compensated at the minimum wage under the FLSA.

60.

Plaintiffs and similarly situated individuals are entitled to liquidated damages, a three-year statute of limitations, and reasonable attorneys' fees and costs incurred in connection with this claim, in addition to their back wages.

## COUNT II
## Failure to Pay Overtime in Violation of the FLSA

61.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

62.

By their above-pled conduct, Defendants violated the FLSA's overtime requirements by failing to pay Plaintiffs and the similarly situated individuals' overtime compensation.

63.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and, in the case of current employees, continue to suffer, a loss of income and other damages.

64.

Defendants knew or showed reckless disregard for the right of the Plaintiffs and similarly situated individuals under the overtime compensation requirements of the FLSA.

65.

Plaintiffs and similarly situated individuals are entitled to liquidated damages, a three year statute of limitations, and reasonable attorneys' fees and

costs incurred in connection with this claim, in addition to their back wages.

## COUNT III
### Retaliation in Violation of the FLSA
### (On behalf of Plaintiff Lee only)

66.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

67.

By their above-pled conduct, Defendants violated the FLSA's anti-retaliation provision by, among other things, terminating Plaintiff Lee because he engaged in statutorily protected complaints concerning Defendants' FLSA violations.

68.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Lee has suffered and continues to suffer a loss of income and other damages.

69.

Defendants knew or showed reckless disregard for the FLSA's anti-retaliation provision.

70.

Plaintiff Lee is entitled to liquidated damages, a three year statute of limitations, and reasonable attorneys' fees and costs incurred in connection with this claim, in addition to back wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a. Issuance of notice as soon as possible to all persons similarly situated to Plaintiffs who were employed by Defendants during any portion of the three years immediately preceding the filing of this Complaint performing similar duties. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt in to this lawsuit if they worked in excess of forty hours per week and were not paid overtime compensation or were not paid the minimum wage;

b. Judgment against Defendants for an amount equal to Plaintiffs' and Opt-Ins' unpaid back wages at the applicable overtime rates and the unpaid minimum wage rates for a period of three years;

 c. Liquidated damages in an additional amount equal to unpaid wages and overtime wages, calculated at the applicable hourly pay rate;

 d. Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

 e. Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

 f. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 27th day of March, 2012.

        BUCKLEY & KLEIN, LLP

      By: s/ *Edward D. Buckley*
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@buckleyklein.com
        Paul Chichester IV
        Georgia Bar No. 189958
        pchichester@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Attorney for Plaintiffs